**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**HOLLY CZARNECKI and THOMAS CZARNECKI,**

Plaintiffs,

vs. **No. CIV 04-0402 LCS/KBM**

**GROSFILLEX, INC. and R&M PARTNERSHIP, a Partnership consisting of R.I. Patel and Manhar P. Patel, d/b/a/ BEST WESTERN EL RANCHO PALICIO, Individually, Jointly and Severally,**

Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court upon the Motion of Defendant R&M Partnership ("R&M"), doing business as Best Western El Rancho Palicio, to Dismiss Plaintiffs' Claim of Strict Liability and supporting memorandum, filed on July 26, 2004. Def's. Mot. Dismiss; Def's. Mem. Supp. Mot. Dismiss, Docs. 12, 13. Plaintiffs filed a Response and supporting memorandum to Defendant R&M's Motion on August 16, 2004. Pls.' Resp. Mot. Dismiss; Pls.' Mem. Supp. Resp. Mot. Dismiss, Docs. 14, 15. On August 23, 2004, Defendant R&M Partnership filed a Reply to its Motion. Def's. Mem. Supp. Reply Mot. Dismiss, Doc. 17. The United States Magistrate Judge, acting upon consent and designation pursuant to 28 U.S.C. § 636(c), and having considered the record, arguments of counsel, relevant law, and being otherwise fully advised, finds that the Motion should be **GRANTED**.

**Background**

Plaintiffs were guests at the Best Western El Rancho Palicio Motel in Roswell, New Mexico on July 8, 2001, and they allege that on that date while at the motel Plaintiff Holly Czarnecki was sitting in a molded plastic deck chair manufactured and sold by Defendant Grosfillex, Inc. when the chair collapsed and caused her to fall to the ground, causing injury to her left elbow, left shoulder, collar bone, head, lower back and caused a herniated disk in her neck which required surgery. Am. Compl. ¶¶ 6, 17, Doc. 5. Plaintiffs further allege that the chair collapsed due to a break or tear in the plastic molding between the left front leg and the seat of the chair. *Id.* Plaintiffs claim that Ms. Czarnecki's injuries were a direct and proximate result of the defect in the chair, that Defendant R&M was a supplier within the meaning of the § 13-1402 of the New Mexico Uniform Jury Instructions ("UJI") and as such, Defendant R&M is liable under hotel and innkeepers liability as well as under the doctrines of strict liability and *res ipsa loquitur*.[1] *Id.* at ¶¶10-11, 15; *See* Rule 13-1623 NMRA (2004); Rule 13-1402 NMRA (2004). Plaintiff Holly Czarnecki seeks damages for her injuries as well as her pain and mental anguish, past and future loss of earnings, and medical expenses in the amount of $1,000,000.00. *Id.* at ¶ 17. Plaintiff Thomas Czarnecki, Ms. Czarnecki's husband, seeks damages for individual loss of society, companionship, and loss of familial caregiver in the amount of $50,000.00. *Id.* Defendant R&M's Motion asks the Court to dismiss Plaintiffs' claim of strict liability. Def's. Mot. Dismiss, Doc. 12.

[1] The Court notes that the doctrine of *res ipsa loquitur* has been retitled "cirumstantial evidence of negligence." *See* Rule 13-1623 NMRA, Committee Comment (2004). Although Plaintiffs and Defendant refer to the doctrine of "res ipsa loquitur," the court will discuss it as the theory of circumstantial evidence of negligence.

**Standard**

A Rule 12(b)(6) motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Curtis Ambulance of Florida, Inc. v. Board of County Comm'n of the County of Shawnee, Kansas*, 811 F.2d 1371, 1375 (10th Cir. 1987). In ruling on a motion to dismiss, the court must accept all the well-pleaded factual allegations of the complaint as true and view them in the light most favorable to the non-moving party. *Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). In accepting the complaint's allegations as true, the court must consider whether the complaint, standing alone, is legally sufficient to state a claim upon which relief may be granted. *Ordinance 59 Ass'n v. United States Dep't of Interior Sec'y*, 163 F.3d 1150, 1152 (10th Cir. 1998).

**Analysis**

Defendant R&M argues that in New Mexico the doctrine of strict liability has not been extended to a hotel operator for "defects in the fixtures or furnishings of the rooms he holds out to the public." Def's. Mem. Supp. Mot. Dismiss at 3, Doc. 13. Defendant R&M relies on *Livingston v. Begay*, a New Mexico Supreme Court decision to support this proposition. *Livingston v. Begay*, 98 N.M. 712, 716-717 (N.M. 1982). For the reasons set forth in *Begay*, the Court agrees that strict liability is not applicable to Defendant R&M. *See id*. In *Begay*, the New Mexico Supreme Court briefly explained that it had adopted the doctrine of strict liability in instances where theories such as negligence proved inadequate to protect purchasers of products due to the difficulty of proving a manufacturer was negligent and due to issues such as the lack of privity between the manufacturer and

the ultimate purchaser of the product. *Id.* at 715-716. The Court, moreover, reasoned that lessors of a commercial product could be held strictly liable because they held expert knowledge of the characteristics of the products they leased. *Id.* at 716-717. The Court rejected the idea that hotel operators should be considered lessors of hotel rooms; instead it noted that hotel operators often make one time purchases of furnishings and hold no expert knowlege of those furnishings, nor do they deal continually with suppliers as would commercial lessors who could seek contribution and indemnification. *Id.* Further, the Court noted that "[t]he rationales behind application of strict liability do not apply when the injured party necessarily has a direct relationship with the defendant, when proof of negligence is not difficult, and when traditional remedies have proven adequate." *Id.* at 716. Accordingly, the Court held that hotel operators could not be held strictly liable for injuries sustained by hotel guests when the injuries are caused by defects inherent in the fixtures or furnishings of the hotel rooms and that the traditional duty of reasonable care would be adequate to cover claims by hotel guests. *Id.* at 716-717.

Following the reasoning in *Begay*, I find that strict liability is not applicable to Defendant R&M, a hotel operator. The court first notes that *Begay* discusses the fixture or furnishings of hotel rooms; however, I find that the reasoning in *Begay* is equally applicable to the fixtures or furnishings found on a hotel's premises that are available for the use and enjoyment of hotel guests, as was the plastic chair from which Plaintiff Holly Czarnecki fell while sitting along side the pool at Defendant's R&M's hotel. *See id.*; Am. Compl. ¶¶ 5-6, Doc. 5. Like Defendant in *Begay*, there is no evidence on the record before me that Defendant R&M had any expert knowledge about the product it purchased. *See Begay*, 98 N.M. at 716-717. That is, does not appear that Defendant R&M had any

expert knowledge of the molded plastic chairs it bought from Defendant Grosfillex, Inc. that would warrant the applicability of strict liability against Defendant R&M. *Id.* Further, the rationale behind not extending strict liability to hotel operators in *Begay* is wholly applicable in this instance: the injured parties have a direct relationship with Defendant R&M and the traditional theories of negligence, as well as cirumstantial evidence of negligence hotel and innkeeper liability provide Plaintiffs with adequate theories of recovery.[2] *Id.* at 716.

Plaintiffs allege that Defendant R&M is a supplier within the meaning of UJI § 13-402 and as such, owed Plaintiff Holly Czarnecki a duty of care under a theory of strict products liability. *See* Am. Compl. ¶ 11, Doc. 5; Rule 13-1402 NMRA (2004). Defendant R&M is correct to note that UJI § 13-1402 does not provide a definition for "supplier" because the New Mexico Committee on Uniform Jury Instructions was concerned that a definition of the term might restrict the the application of the doctrine of strict liability. *See* Mem. Supp. Mot. Dismiss at 5, Doc. 13; Rule 13-402 NMRA, Committee Comment (2004). However, as discussed *supra*, in *Begay* the New Mexico Supreme Court intended to restrict the application of strict liability in cases involving hotel operators and held that hotel operators are not strictly liable to hotel guests for defects in the fixtures or furnishings of

---

[2] Plaintiffs argue that their claim of strict liability against Defendant R&M should not be dismissed because in *Trujeque v. Service Merchandise Co.*, the New Mexico Supreme Court allowed the application of the doctrine of *res ipsa loquitur* in cases of collapsing chairs. Pls.' Mem. Supp. Resp. Mot. Dismiss at 2, Doc. 15; *Trujeque v. Service Merchandise Co.*, 117 N.M. 388, 391 (N.M. 1994). While it is true that in *Trujeque* the New Mexico Supreme Court allowed the application of *res ipsa loquitur*, or circumstantial evidence of negligence, in cases of collapsing chairs, this theory is a theory based *in negligence* and not strict liability; thus *Trujeque* does not in any way support Plaintiffs' proposition that their claim of strict liability should not be dismissed against Defendant R&M. *See Trujeque*, 117 N.M. at 391. On the contrary, Defendant R&M is correct to note that the availability of the circumstantial evidence of negligence theory is one that would disfavor the application of strict liability since it would provide Plaintiffs with an adequate theory of recovery. *See* Def's. Mem Supp. Reply Mot. Dismiss at 1, Doc. 17; *Begay*, 98 N.M. at 716. Moreover, upon the presentation of the appropriate factual predicate at trial, Plaintiffs will be entitled to an instruction on circumstantial evidence of negligence, or *res ipsa loquitor*, § 13-1623 of the New Mexico Uniform Jury Instructions. *See* Rule 13-1623 NMRA (2004).

hotel rooms. *Begay*, 98 N.M. at 716-717. Further, the Court explicitly refused to define hotel operators as lessors of hotel rooms. *Id.* at 716. As the pleadings now stand, Defendant R&M cannot be construed as a "supplier" in light of *Begay* and UJI § 13-402 is inapplicable to Defendant R&M. *Id.* In accepting the Plaintiffs' allegations as true, Plaintiffs' claim that Defendant R&M is strictly liable is not legally sufficient to state a claim upon which relief may be granted. *Ordinance 59 Ass'n v. United States Dep't of Interior Sec'y*, 163 F.3d 1150, 1152 (10th Cir. 1998). I find that strict liability is not applicable to Defedant R&M and Defendant R&M's Motion must be granted.

**Conclusion**

Upon review of the record and relevant law presented on Defendant R&M's Motion to Dismiss Plaintiffs' Claim of Strict Liability and supporting memorandum, filed on July 26, 2004, the court finds that Defendant R&M's Motion is **GRANTED**.

**IT IS SO ORDERED**.

**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**